ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
California Bar No. 149883
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:   (213) 894-6166
    Facsimile:   (213) 894-7177

JS - 6

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | NO. CV 11-09762 MMM (Ex) |
| --- | --- | --- |
| Plaintiff, | ) | [~~PROPOSED~~] |
| v. | ) | **CONSENT JUDGMENT OF FORFEITURE** |
| $49,410.00 U.S. Currency, | ) | |
| Defendant. | ) | |
| ERIK LOVERA, | ) | |
| Claimant. | ) | |

    This action was filed on November 23, 2011 against the defendant $49,410.00 in U.s. Currency.  Notice was given and published in accordance with law.  Erik Lovera ("claimant") filed a verified statement identifying right or interest as to $41,225.00 of the defendant currency on January 25, 2012, and an answer on February 14, 2012.  No other statements of interest or

answers have been filed, and the time for filing statements and answers has expired.  Plaintiff and claimant have reached an agreement that is dispositive of the action and have made a joint request that the Court enter this consent judgment.  Having reviewed the stipulation and request of the parties, and good cause appearing therefor, the request is granted.

**THE COURT ORDERS, ADJUDGES AND DECREES:**

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. Notice of this action has been given in accordance with law.  All potential claimants to the defendant currency other than claimant Erik Lovera are deemed to have admitted the allegations of the Complaint.  The allegations set out in the Complaint are sufficient to establish a basis for forfeiture.

3. The United States of America shall have judgment as to $22,705.00 of the defendant currency and all interest earned on the entire amount of the defendant currency, and no other person or entity shall have any right, title or interest therein.  The United States Marshals Service is ordered to dispose of said assets in accordance with law.

4. The remaining $26,705.00 of the defendant currency, without interest, shall be returned to claimant in care of his attorney, Hal P. Farley.  The funds to be returned to claimant shall be paid by electronic transfer directly into the client trust account of Mr. Farley, attorney of record for claimant in this case.  Claimant (through his attorney of record Hal P. Farley) shall provide all information and complete all documents

requested by the United States of America in order for the United States of America to complete the transfer including, without limitation, providing claimant's taxpayer identification number and the identity of the bank, the bank's address and the account name, account number, account type and wire transfer routing number for the Hal P. Farley client trust account to which the transfer of funds is to be made.

5. The forfeiture of the $22,705.00 plus interest as described above does not constitute and shall not be construed as a payment of any taxes (including income taxes), fines or other obligations which may be owed by claimant, and this Consent Judgment of Forfeiture does not in any way affect any existing tax (including income tax), fine, liability or other debt owed by claimant. Notwithstanding anything to the contrary in this Consent Judgment of Forfeiture (including, without limitation, those provisions pertaining to the return of funds), nothing contained in this Consent Judgment of Forfeiture shall be deemed to restrict, waive, limit or otherwise prejudice in any way any rights of the United States of America (or any of its departments, agencies, representatives or designees) to seize, attach, levy on or by any other means take possession of any or all of the non-forfeited funds, in order to satisfy any tax (including income tax), fine, liability or other debt owed by claimant, before those funds are returned to claimant by electronic transfer. Should the United States of America (or any of its departments, agencies, representatives or designees) undertake any action as to any or all of the non-forfeited funds,

1 | the affected non-forfeited funds shall not be physically returned
2 | to claimant by electronic transfer or otherwise.
3 |     6.   Nothing in this Consent Judgment is intended or should
4 | be interpreted as an admission of any violation of law by
5 | claimant.  The entry of the Consent Judgment is not intended, and
6 | should not be interpreted as a finding by this Court of any
7 | violation of law by claimant.
8 |     7.   Claimant has released the United States of America, its
9 | agencies, agents, and officers, including employees and agents of
10 | the Federal Bureau of Investigation, from any and all claims,
11 | actions or liabilities arising out of or related to this action
12 | or the seizure of the defendant currency, including, without
13 | limitation, any claim for attorneys' fees, costs or interest
14 | which may be asserted on behalf of claimant, whether pursuant to
15 | 28 U.S.C. § 2465 or otherwise.
16 | / / /
17 | / / /
18 | / / /
19 | / / /
20 |
21 |
22 |
23 |
24 |     8.   The Court finds that there was reasonable cause for the
25 | seizure of the defendant currency and institution of these
26 | proceedings, and that the proposed judgment should be construed
27 |
28 |

as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

**IT IS SO ORDERED.**

DATED: October 30, 2012

_____
THE HONORABLE MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

Presented by:
ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

_____/S/_____
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

Attorneys for Plaintiff
United States of America